

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| IN RE:<br>NYAMAH N KOLLIEGBO<br>STEPHANIE M KOLLIEGBO<br>    Debtors | Case No. 15-19938-NVA<br><br>Chapter 13 |
| SETERUS, INC. AS THE AUTHORIZED<br>SUBSERVICER FOR FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION ("FANNIE<br>MAE"), CREDITOR C/O SETERUS, INC.<br>    Movant<br>v.<br>NYAMAH N KOLLIEGBO<br>STEPHANIE M KOLLIEGBO<br>    Debtors/Respondents<br>and<br>NANCY SPENCER GRIGSBY<br>    Trustee/Respondent | |

### AGREED ORDER MODIFYING STAY AS IT APPLIES TO REAL PROPERTY

    THIS CAUSE came on for consideration of the Motion of Seterus, Inc. As the Authorized Subservicer For Federal National Mortgage Association ("Fannie Mae"), Creditor c/o Seterus, Inc., ("Movant") for relief from stay (the "Motion"), and the Response by Nyamah N Kolliegbo and Stephanie M Kolliegbo ("Debtors"). The Court, noting the agreement between the Debtors

and Movant as to the relief set forth herein, finds it appropriate to grant the relief requested. The Chapter 13 Trustee has not filed a response and consequently is not objecting to the relief requested.

THEREFORE, it is ORDERED that:

1. The Motion is hereby **GRANTED**.

2. The Automatic Stay of 11 U.S.C. § 362(a) (the "Stay") is hereby modified. Movant shall forbear from exercising any right to foreclosure pursuant to the Deed of Trust related to the real property located at 11621 Suncircle Way, Columbia, MD 21044 (the "**Property**") so long as the Debtors remain in compliance with the terms of this Order.

3. The Debtors will pay the total remaining amount due by modifying the current Chapter 13 Plan to provide payment for the balance of $90,361.55 as of March 1, 2017 to be paid to Movant by the Chapter 13 Trustee. The Debtors shall Modify their Chapter 13 Plan accordingly within 20 days of the date of entry of this Order and shall move for confirmation of the Plan as expeditiously as possible. Movant will file an Amended Proof of Claim to reflect the entire balance of the loan.

4. The Debtors will be responsible for the payment of all taxes and insurance directly until the loan is satisfied in full. If Movant makes any payment for the benefit of the Debtors for taxes and/or insurance, Movant will file a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("PPFN") pursuant to Federal Rule of Bankruptcy Procedure 3002.1.

5. Upon the filing of any PPFN, the Debtors must take one of the following actions within ten (10) days: i) reimburse Movant for the Postpetition Mortgage Fees, Expenses, and Charges or ii) file an objection with the Court.

6. If the Debtor does not take one of the actions within the prescribed time, set forth in the preceding paragraph, the Stay is TERMINATED. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

7. The Movant may file a Certificate of Default stating that it has complied with the

terms of this Order and may submit, together with the Certificate of Default, a draft order terminating the Stay.

8. If the Debtor default(s) pursuant to the terms of this Order on a third occasion, Movant may file a Certificate of Default advising that the Stay has TERMINATED. The Debtor shall not be entitled to cure the default pursuant to the terms of this Order. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

9. Any cure of the Notice must include all amounts set forth therein, including attorneys' fees resulting from the Debtor' default, as well as any payments which have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default. Acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice.

10. Based upon the lack of equity in the Property, as asserted in the Motion, the parties agree that if the Debtors convert this case to a filing under another Chapter of Title 11 of the U.S. Code, the Stay is TERMINATED and Movant may immediately exercise all *in rem* rights provided by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

11. If the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court and the Stay is TERMINATED as to Movant.

12. At Movant's discretion, and in order to avoid liquidation of said Property, Movant may offer and provide the Debtors with information regarding a potential Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may enter into such agreement with the Debtors (subject to further approval by this Court). Movant may also continue to protect its lien pursuant to the Loan Documents, to the extent allowed by law.

13. This Order applies to any successor-in-interest of Movant and shall not be subject

to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

AGREED:

/s/ Leah C. Freedman
Leah Freedman, Esq. MD FBN. 18950
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
301-961-6555, 301-961-6545 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

/s/David L. Ruben
David L. Ruben, Esq.
7310 Ritchie Highway, Suite 704
Glen Burnie, MD 21061
srogan354@yahoo.com
*Counsel for Debtors*

### CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

/s/ Leah C. Freedman
Leah Freedman, Esq.

cc:

BWW Law Group, LLC, 6003 Executive Blvd, Suite 101, Rockville, MD 20852

Nancy Spencer Grigsby, Trustee, 185 Admiral Cochrane Dr., Suite 240, Annapolis, MD 21401

David L. Ruben, 7310 Ritchie Highway, Suite 704, Glen Burnie, MD 21061

Nyamah N. Kolliegbo, 11621 Sun Circle Way, Columbia, MD 21044

Stephanie M. Kolliegbo, 11621 Sun Circle Way, Columbia, MD 21044

**END OF ORDER**